IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CT-3175-BO

| | | |
|---|---|---|
| ALBERT FOUNTAIN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| TRACY JOHNS, et al., | ) | |
| Defendants. | ) | |

Albert Fountain ("Fountain" or "plaintiff") was a federal inmate housed at the Low Security Correctional Institution in Butner, North Carolina ("LSCI Butner"), when he filed this civil rights action pursuant to Bivens v. Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff alleges that Warden Tracy Johns, Unit Manager D. Carter, Case manager P.J. Collins, and SIS Staff G. Grimaldo "are all liable of negligence, wrongful acts, and violating Mr. Fountain's Civil and Constitutional Rights." [D.E.1, p. 5]. Defendants filed a motion to dismiss, or in the alternative, a motion for summary judgment [D.E. 18]. Plaintiff responded to the motion [D.E. 22]. The matter is ripe for determination.

FACTUAL FINDINGS

On April 18, 2008, at 6:45 pm, Fountain was assaulted by inmate Manly while he was walking on the track in the recreation yard at LSCI Butner [D.E. 1, p. 4]. Fountain alleges that he was struck with severe force which knocked him to the ground wherein he struck his head on the pavement. Id. Fountain was unconscious, stopped breathing, and CPR was required. Id. One of his roommates notified "Officer Medical Staff and Paramedics were called." Id. Fountain received medical care in a community hospital and was hospitalized for one month. Id.

Fountain alleges that he "sustained physical and mental injuries as follows: fractured skull, brain trauma, memory loss, headaches dizziness, optical nerve damage, coordination problems, back and neck." Id.

"On or about June 4, 2008, Mr. Collins advised Mr. Fountain to sign a 'seppertize' (sic) against inmate Manly [DE, p. 4][.]"[1] Fountain signed and returned the document to Mr. Collins. Id. Fountain requested copies of these documents from Mr. Collins and his Unit Team, but "Mr. Collins and the Unit Team refused to provide requested copies." Id. Fountain alleges that the BOP has conspired to cover up the physical assault "by not writing an incident report for this assault." Id.

Fountain notes that SIS Team Investigator Grimaldo "investigated the incident . . . and found that Mr. Fountain was, in fact, assaulted on the Butner LSCI Recreational Yard by Inmate Manly." [DE, pp. 4 – 5] Fountain alleges that from this outline of facts "Warden Tracy Johns, Unit Manager D. Carter, Case Manager P.J. Collins and SIS Staff G. Grimaldo are all liable of negligence, wrongful acts, and violating Mr. Fountain's Civil and Constitutional Rights." [D.E. 1, p. 5]

## DISCUSSION

The court shall rule on the pending motion as one for summary judgment. Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking

---

[1] Defendants assert in their motion that they believe Fountain is referring to a BOP term, "separatee," which designates inmates who need to be kept separate from each other for security reasons [D.E. 19. p. 4. fn. 3].

summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

In support of the motion to dismiss, or alternatively summary judgment, defendant asserts the defense of qualified immunity.[2] Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity protects government officials "where the law is unsettled or murky." Rogers v. Pendleton, 249 F.3d 279, 286 (4th Cir. 2001). The test is whether the act was clearly forbidden, not whether in hindsight the action was wrongful. Id.[3]

---

[2]Defendants also assert plaintiff's failure to exhaust as grounds for dismissal; however, the court finds that the qualified immunity argument resolves the case and finds no determination on exhaustion to be necessary.

[3]In Pearson, the Supreme Court overruled the mandatory two-step sequence adopted in Saucier v. Katz, 533 U.S. 194 (2001). See Pearson, 555 U.S. at 236.

3

Fountain's complaint and response to the pending motion fail to contain sufficient factual allegations, taken as true, to show that defendants violated the Eighth Amendment or an alleged conspiracy therefrom.

To begin "[b]eing violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quotation marks omitted). Thus, prison officials have "a duty to protect prisoners from violence at the hands of other prisoners." Id. at 833 (quotation marks omitted). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 511 U.S. at 834. To establish a constitutional violation, the plaintiff must show that officials acted with deliberate indifference to his safety. Id.

In the case at hand, plaintiff does not state that the defendants had any knowledge of an impending safety risk to him. In fact, neither defendant Warden Johns nor defendant Carter's name appears in the 39 pages of documents supporting the Complaint [D.E.1 and Response D.E. 22]. Defendant G. Grimaldo's name appears once, as the author of a memo documenting that an investigation was conducted and summarizing its results [DE 1-1, p. 9]. Fountain makes no further allegations regarding Grimaldo. Defendant Collins' name appears twice in Fountains inmate grievances requesting copies of the "seppertize" document and investigative materials regarding another inmate [D.E. 4, pp. 20, 14]. Furthermore, plaintiff states he had no knowledge of any risk nor did he express any apprehension to any officer; in fact, he states "[I] felt like [I] was not threaten by Mr. Manly because we were friends [D.E. 22]."

The assault was serious and caused significant injury; however, based on the facts before the court that defendants had no indication of risk to plaintiff, defendants are shielded by

4
Case 5:10-ct-03175-BO   Document 23   Filed 01/03/13   Page 4 of 5

qualified immunity in that no Eighth Amendment violation for failure to protect has been stated. Likewise, no claim of conspiracy therefrom is tenable.[4] In fact, in contravention to this claim, plaintiff includes within his complaint a form indicating that an investigation was undertaken and concluded plaintiff was the victim of an assault which occurred on June 17, 2008, and severe head trauma resulted [D.E. 1-1, p. 9].

Accordingly, defendants' motion for summary judgment is ALLOWED [D.E. 18]. The Clerk is DIRECTED to close the case.

SO ORDERED, this the 2 day of January 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[4] In a footnote of a published Fourth Circuit opinion, the court stated "[w]e have apparently never recognized a 'Bivens conspiracy claim' as a substantive cause of action. Because the plaintiffs have failed to establish that there is a genuine issue of material fact with regard to this claim, however, we need not address whether such a cause of action is cognizable." Unus v. Kane, 565 F.3d 103, 126 n. 26 (4th Cir. 2009).